**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENJIMEN D. ROGRIGUEZ,<br><br>    Petitioner,<br><br>v.<br><br>HERNANDEZ, Warden,<br><br>    Respondent. | Civil No.   07cv2151 DMS (CAB)<br><br>**ORDER:**<br><br>**(1) DENYING REQUEST TO PROCEED IN FORMA PAUPERIS AND**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE** |

On November 8, 2007, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but failed to pay the $5.00 filing fee and failed to move to proceed in forma pauperis. In addition, Petitioner failed to allege exhaustion of state court remedies with respect to any claim in the Petition. Accordingly, on November 15, this Court ordered the petition dismissed without prejudice. The Court notified Petitioner that in order to have his case reopened he must (1) either pay the filing fee or provide adequate proof of his inability to pay and (2) file and amended petition which alleged exhaustion of state court remedies. On December 3, 2007, Petitioner filed a request to proceed in forma pauperis along with a First Amended Petition. Accordingly, the Court reopened the case.

/ / /

/ / /

/ / /

## REQUEST TO PROCEED IN FORMA PAUPERIS

Petitioner's request to proceed in forma pauperis reflects a $470.52 balance in his prison trust account. The filing fee associated with this type of action is $5.00. See 28 U.S.C. § 1914(a). It appears Petitioner can pay the requisite filing fee. Accordingly, the Court **DENIES** the request to proceed in forma pauperis, and **DISMISSES** the case without prejudice; Petitioner may submit a copy of this order along with the requisite fee no later than **February 4, 2008**, to have the case reopened.

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Petitioner has again failed to allege exhaustion of state judicial remedies in his First Amended Petition. As discussed in this Court's previous order, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at 366 (emphasis added).

Here, Petitioner has not indicated that he has exhausted state judicial remedies with respect to claim two, and has specifically stated that he has not presented claims one, three and four to the California Supreme Court. (See Pet. at 6-9.) If Petitioner has raised his claims in the California Supreme Court he must so specify. The burden of pleading that a claim has been

exhausted lies with the petitioner. <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1981).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1104 (2000). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254.

/ / /

Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas

relief because he has not alleged exhaustion of state court remedies.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's request to proceed in forma pauperis and **DISMISSES** this action without prejudice because Petitioner has failed to satisfy the filing fee requirement and has failed to allege exhaustion of state judicial remedies. To have this case reopened, Petitioner must satisfy the filing fee requirement **and** file a Second Amended Petition no later than **February 8, 2008** that cures the pleading deficiencies set forth above. The Clerk of Court shall send a blank second amended petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: December 5, 2007

_____
HON. DANA M. SABRAW
United States District Judge